UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 1:20-cv-25180-MGC

CECILE DALTON et al,

    Plaintiffs,

vs.

CARNIVAL CRUISE LINES,

    Defendant.
_____/

## DEFENDANT'S MOTION TO STRIKE OR DISMISS THE COMPLAINT

Defendant, Carnival Cruise Line ("Carnival")[1], files this Motion to Strike or Dismiss the Non-Represented Plaintiffs from the Complaint [ECF No. 1], and states:

### Background

This is a personal injury action wherein former cruise passengers allege that they suffered personal injuries while aboard the *Carnival Glory* in December 2019. The bases of their allegations arise from an episode in which the *Carnival Glory* allided with the *Carnival Legend* at port in Cozumel, Mexico.

Plaintiffs' Complaint presents multiple issues that warrant dismissal, but perhaps most interesting is that Cecile Dalton ("Dalton"), a *pro se* plaintiff, is attempting to represent roughly 30 other similarly situated individuals ("Plaintiffs"). Cecile Dalton is not an attorney; she signed the Complaint as a *pro se* litigant. The undersigned counsel searched for the name "Cecile Dalton"

---

[1] Carnival notes that the entities named in the Complaint were "Carnival Cruise Lines" and "Carnival Group" but that the correct name is "Carnival Cruise Line, a division of Carnival Corporation." The Court's current case caption reads "Carnival Cruise Lines", which Carnival did not change here. However, Carnival may file a motion to correct the case caption at a later date.

in both the Louisiana and Florida Bar attorney directories, but there were no results. The Complaint, as it applies to Plaintiffs, is a nullity and should be dismissed.

Attached to the Complaint is an Affidavit and a Power of Attorney wherein Plaintiffs attempted to convey to Dalton the ability to act as their attorney in this litigation. The Power of Attorney is notarized by Notary Public Demetrie E. Ford, Sr. Dalton lists her mailing address in the Complaint as 716 Third Street, Gretna, Louisiana 70053. A search of that address on Google Maps reveals the law office of Demetrie E. Ford, Sr., Attorney at Law and Notary Public. Nevertheless, Dalton cannot represent anyone other than herself in this matter because she is not an attorney. The power of attorney has no effect here.

### Memorandum of Law

Generally, district courts have broad discretion when considering a motion to strike. *See Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1360 (S.D. Fla. 2009). Federal Rule of Civil Procedure 12(f) sets forth the standard for granting a motion to strike, stating in pertinent part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter … on motion made by a party … before responding to the pleading[.]"

1. **Cecile Dalton cannot represent the Plaintiffs because she is not an attorney.**

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel...." 28 U.S.C. § 1654. "Though individual plaintiffs may appear pro se on their own behalf, they do not have a statutory or constitutional right to be represented by a non-lawyer." *Lynch v. Kolp*, 2005 WL 8156017, *1 (S.D. Fla. Dec. 20, 2005) (citing *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991) (finding non-lawyer plaintiff could not bring suit on behalf of his friend, even though plaintiff and the friend had entered into a contract stating the plaintiff

would represent the friend's legal interest); *see also Weber v. Garza*, 570 F.2d 511, 514 & n.5 (5th Cir. 1978)[2] ("The powers of attorney executed by [third parties] do not invest [individual acting as on their behalf] with such authority [to represent them]. The [third parties] are not entitled to have an unlicensed lay person represent them either in the district court or here."); *Ross v. Garcia*, 2009 WL 2970328, *2 (D. Del. Sept. 16, 2009) ("Federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action *pro se* with plaintiff's power of attorney."); *Brown v. Middlebrook*, 2009 WL 536553, *1 (D. Kan. Mar. 3, 2009) ("A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law.").

*Shandorf v. MCZ/Centrum Florida XIX*, 2008 WL 5169123 (S.D. Fla. Dec. 9, 2008), is instructive. There, eleven total plaintiffs, represented by a non-attorney (Shandorf) who was also a plaintiff proceeding *pro se*, filed an amended complaint against the defendant. *Id.* at *1. The defendant filed a motion to strike the amended complaint, arguing that the other ten plaintiffs could not be represented by Shandorf because he was not an attorney. *Id.* The court agreed and dismissed the amended complaint. *Id.* The same should happen here.

"[There is a] lack of authority under applicable law for an individual who is not an attorney admitted to practice in this court to appear in this court on behalf of one or more other natural persons or legal entities [and] the court must take notice of such a lack of authority and make an appropriate order." *Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38 (D. Mass. June 12, 2001).

Dalton is afforded the opportunity to represent herself by statute, but she is not permitted to represent the interests of Plaintiffs. Even if Plaintiffs executed a valid power of attorney,[3] Dalton

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.
[3] Carnival does not address the validity of the power of attorney that was attached to the Complaint. For purposes of this motion, Carnival is assuming the power of attorney is valid, but reserves the right to address that issue, if needed.

CASE NO.: 1:20-cv-25180-MGC

cannot represent them. They must either represent themselves *pro se* or obtain an attorney that is licensed to practice law in this Court. As such, this Court should dismiss Plaintiff's claims without prejudice and permit them time to elect to proceed *pro se* or retain valid legal counsel.

**2.     The Complaint does not comply with Federal Rule of Civil Procedure 11.**

"The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). "Several federal courts have held that the Rule 11 signature requirement is not satisfied when a non-lawyer signs a paper on behalf of an unrepresented party – the paper either must be signed by the party or by a lawyer." Wright & Miller, 5A Fed. Pract. & Proc. § 1333 & n.15 (3d ed.); *see Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (affirming district court's finding that complaint filed by non-attorney on behalf of another was a nullity and holding that defect could not be amended); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (noting that a notice of appeal signed by a non-lawyer on his behalf and another party was only effective as to the non-lawyer signer); *Morgan v. Nat'l Bank of Kansas City*, 2009 WL 3592543, *1 (E.D. Ark. Oct. 27, 2009) ("When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity."); *S.E.C. v. Going Platinum, Inc.*, 2004 WL 2203716, *1 n.3 (E.D. Pa. Sept. 23, 2004) (finding that motions filed by layperson on behalf of others were a nullity).

Claims of plaintiffs who had not signed the complaint or any pleadings filed in a case or had a licensed attorney sign them on their behalf as required by civil rule should be dismissed. *See Lawton v. Medevac Mid-America, Inc.*, 138 F.R.D. 586 (D. Kan. Aug. 21, 1991), *abrogated by rule as stated in Schrag v. Dinges*, 153 F.R.D. 665 (D. Kan. Mar. 1, 1994) (discussing sanctions, not signature requirement). There, the court granted the defendants' motions to dismiss the *pro se*

plaintiffs' complaint and stated, "As an initial matter, the court notes that plaintiffs have not signed the complaint or any of the pleadings filed in this case, nor has a licensed attorney signed any pleadings on their behalf as required by Fed. R. Civ. P. 11. Therefore, the claims of [plaintiffs] are dismissed." *Id.* at 588.

Similarly here, Dalton cannot represent Plaintiffs because she is not an attorney and is not eligible to practice in this Court. Since she is not an attorney, Dalton cannot sign the Complaint on behalf of the Plaintiffs. As such, the Complaint remains unsigned by the Plaintiffs in violation of Rule 11(a). The Complaint must be stricken or dismissed.

WHEREFORE, Carnival respectfully requests that this Court grant this motion and strike or dismiss the Complaint as it pertains to the Plaintiffs who are unrepresented by counsel, permitting them time to elect to proceed *pro se* or retain valid legal counsel, and any further relief that this Court deems just and proper.

Respectfully submitted,

MASE MEBANE, P.A.
*Attorneys for Defendant*
2601 S. Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By:   */s/ Jeffrey A. Caisse*
SCOTT P. MEBANE
Florida Bar No.: 273030
smebane@maselaw.com
JEFFREY A. CAISSE
Florida Bar No.: 1011243
jcaisse@maselaw.com
sperez@maselaw.com
filing@maselaw.com

CASE NO.: 1:20-cv-25180-MGC

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2021, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being sent to all counsel of record or *pro se* parties identified on the below Service List by Certified U.S. Mail.

By: */s/ Jeffrey A. Caisse*
JEFFREY A. CAISSE

### Service List

Cecile Dalton
716 Third Street
Gretna, Louisiana 70053
504-362-2828