UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25180-COOKE/DAMIAN

CECILE DALTON, *et al.*,

    Plaintiffs,

vs.

CARNIVAL CRUISE LINES,

    Defendant.

_____/

### ORDER ON MOTION TO STRIKE OR DISMISS

THIS MATTER is before the Court on Defendant's motion to strike or dismiss. ECF No. 5. Plaintiffs have opposed this motion. ECF No. 9. For the reasons stated below the Court will **GRANT** Defendant's motion and **DISMISS** this case **without prejudice**.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case concerns an accident occurring aboard Defendant Carnival Cruise Lines' ("Defendant" or "Carnival") vessel, the *Carnival Glory*. Plaintiffs are passengers who were aboard the vessel in December 2019. They allege that because of an "accident at sea," ECF No. 1 ¶ 11, they "suffered a host of injuries," *id.* ¶ 15. Accordingly, they bring a claim for negligence against Defendant, *id.* ¶¶ 16–19.

This action was filed *pro se* by Plaintiff Cecile Dalton ("Plaintiff"). *See* ECF No. 1 ¶ 20. Dalton says she represents several other individuals who were aboard the *Carnival Glory* at the time of the accident (collectively, "Plaintiffs"). *Id.*

Defendant has moved the Court to strike or dismiss the complaint. ECF No. 5. Defendant argues that Dalton is not an attorney and can therefore not represent other passengers. Dalton has opposed the motion. ECF No. 9. Dalton argues that the Court has "discretion" in deciding the motion, and that it should view the motion "in the light most favorable to the pleader." *Id.* at 2. Additionally, Dalton attaches to the opposition what she states are the signatures of all "pro se litigants." *Id.*

## DISCUSSION

Individuals "may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. However, "the right to appear *pro se* does not extend to non-attorney parties representing the interests of others." *Grappell v. Carvalho*, 847 F. Appx 698, 701 (11th Cir. 2021) (citing *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)).

Here, Dalton does not dispute that she is not an attorney, or that she is attempting to represent the interests of others. Instead, she argues that the Court should allow other passengers to "sign the filed petition which they are a part of in lieu of dismissing the complaint." ECF No. 9 at 2. The Court disagrees. The law is clear. If Dalton is not an attorney, she may not represent interests other than her own in these proceedings. Accordingly, the Court will **DISMISS** this action **without prejudice**.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS and ADJUDGES** as follows:

1. The Court will **DISMISS** the complaint, ECF No. 1, **without prejudice**.
2. The Clerk shall **CLOSE** this case. All other pending motions, if any, shall be **DENIED as moot**.
3. Plaintiff may file an amended complaint within 45 days of the date on this order, representing only herself. If Plaintiff files an amended complaint, the Clerk is instructed to **REOPEN** this case.
4. If other passengers listed on the initial complaint wish to file separate actions, they may also do so within 45 days of this order. If they do, they are instructed to notify the Court in their filing that their case is related to the instant action, Case No. 20-cv-25180, pending before the Honorable Judge Marcia G. Cooke.

**DONE and ORDERED** in chambers, Miami, Florida, this 15th day of February 2022.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Melissa Damian, U.S. Magistrate Judge*
*Counsel of record*