UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 1:20-cv-25180-MGC

CECILE DALTON *et. al.*,

    Plaintiffs,

vs.

CARNIVAL CRUISE LINE,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Carnival Corporation ("Carnival"), files its answer and affirmative defenses to Plaintiffs' Amended Complaint [ECF No. 14].[1]

## JURISDICTION

1. Admitted for purposes of this lawsuit only that this Court has jurisdiction and venue is proper. All else is denied.

2. Admitted for purposes of this lawsuit only that this Court has jurisdiction and venue is proper. All else is denied.

3. Denied.

## THE PARTIES

4. Admitted that Plaintiffs were Carnival passengers on the dates alleged. All else is denied.

5. Carnival is without knowledge of Plaintiffs' residence; therefore, denied.

---

[1] All allegations not expressly admitted by Carnival are hereby denied.

MASE MEBANE SEITZ

CASE NO.: 20-cv-25180-MGC

6. Admitted for purposes of this lawsuit only that this Court has jurisdiction and venue is proper. All else is denied, including subparts (a) through (e).

7. Admitted for purposes of this lawsuit only that this Court has jurisdiction and venue is proper. All else is denied.

8. Admitted.

## GENERAL ALLEGATIONS

9. Admitted that Carnival owned the *Carnival Glory* at the time of the incident alleged herein. All else is denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## COUNT I

16. Carnival incorporates and adopts its answers to numbered paragraphs 1 through 15 as though fully set forth here.

17. Denied as phrased.

18. Denied, including subparts (a) through (d).

19. Denied.

## JURY DEMAND

20. Carnival does not contest Plaintiffs' demand for trial by jury in this matter.

CASE NO.: 20-cv-25180-MGC

## CONCLUSION

Carnival denies Plaintiffs' conclusion and wherefore clause.

## AFFIRMATIVE DEFENSES

1. This action is governed by and subject to the terms, conditions and limitations of the Guest Ticket Contract, and Carnival adopts and incorporates by reference the same herein in their entirety. Plaintiffs' claims are barred by the one-year limitations period on personal injury claims that is contained in the Guest Ticket Contract. Therefore, Plaintiffs' claims against Carnival should be dismissed with prejudice.

2. Plaintiffs were comparatively negligent, and accordingly, any claim against Carnival and any damages that are awarded must be reduced or barred in proportion to Plaintiffs' own comparative negligence.

3. Plaintiffs failed to mitigate the damages they allege in the Complaint.

4. Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

5. Plaintiffs' past medical expenses are not reasonable, and, as such, are subject to reduction in whole or in part.

6. Plaintiffs' claims are governed by general maritime law and any recoveries by Plaintiffs are therefore limited by general maritime law.

7. Plaintiffs failed to seek timely and/or appropriate medical treatment for their alleged injuries, and/or failed to follow the advice of their doctors – which failure exacerbated the alleged injuries – and any award of damages to Plaintiffs must be proportionately reduced.

8. Plaintiffs' injuries, if any, are the result of a pre-existing injury or condition that was not aggravated by any incident alleged in the Complaint. Alternatively, if any preexisting

CASE NO.: 20-cv-25180-MGC

injury or condition was aggravated by the actions alleged in the Complaint, then Plaintiffs are only entitled to recovery for the damages resulting from the aggravation.

9. Carnival did not have actual or constructive notice of the alleged risk-creating condition.

10. The Plaintiffs failed to exercise due care in selecting their physician(s)/surgeon(s). Plaintiffs' injuries and damages are a direct result thereof.

11. The Plaintiffs failed to meet all pre-suit requirements and/or conditions precedent.

12. To the extent applicable, any award of damages to the Plaintiff(s) must be reduced for any collateral source payments.

13. Plaintiffs' past medical expense damages are limited to those that are reasonable and necessary, including reduction for any amounts written-off, not submitted and/or which Plaintiffs were not required to pay.

14. Plaintiffs' claims are a fraud in whole or in part.

Carnival reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

WHEREFORE, Defendant, Carnival Corporation, having answered Plaintiffs' Amended Complaint, and raised affirmative defenses thereto, requests that Plaintiffs' action be dismissed with prejudice.

CASE NO.:  20-cv-25180-MGC

Dated: April 12, 2022.

                Respectfully submitted,

                MASE MEBANE SEITZ, P.A.
                *Attorneys for Defendant*
                2601 S. Bayshore Drive, Suite 800
                Miami, Florida 33133
                Telephone:  (305) 377-3770
                Facsimile: (305) 377-0080

By:   */s/ Jeffrey A. Caisse*
        THOMAS A. BRIGGS
        Florida Bar No.: 0663034
        tbriggs@maselaw.com
        JEFFREY A. CAISSE
        Florida Bar No.: 1011243
        jcaisse@maselaw.com