UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:20-cv-25180-ALTONAGA

CECILE DALTON, *et. al.*,

    Plaintiffs,

vs.

CARNIVAL CORPORATION, dba
CARNIVAL CRUISE LINE,

    Defendant.
_____/

## JOINT MOTION TO CONTINUE ALL PRE-TRIAL DEADLINES AND TRIAL

Plaintiffs and Defendant (collectively, the "Parties") respectfully request the Court for a 180 day continuance of trial and all pre-trial deadlines set forth in the Order Setting Trial and Pre-Trial Schedule [ECF No. 30]. A proposed order granting this Motion is attached as **Exhibit 1**.

### Background

1. This is a maritime personal injury action involving former cruise passengers that allege they suffered personal injuries aboard the *Carnival Glory* in December 2019. The bases of their allegations arise from an episode in which the *Carnival Glory* allided with the *Carnival Legend* at port in Cozumel, Mexico. There are over 30 named Plaintiffs.

2. Trial is currently set for the two-week trial calendar starting April 24, 2023.

3. All discovery, including expert discovery, is required to be completed by December 28, 2022.

4. Plaintiffs were ordered to respond to discovery by dates certain in the Court's Order dated September 12, 2022 [ECF No. 37].

CASE NO.: 1:20-cv-25180-ALTONAGA

5.       Since that Order, Plaintiffs have had difficulty complying with that Court's Order, and only recently provided most of the discovery responses.

6.       There is a discovery hearing set for December 16, 2022. [ECF No. 43].

7.       Pre-trial motions and dispositive motions are due January 10, 2023.

8.       The remaining discovery cannot be completed within the Court's current discovery period or prior to the Court's trial date. The parties have been diligent thus far, but require more time to complete the remaining discovery of this matter.

9.       There have been multiple factors that necessitate a continuance. First, and most importantly, the illness of Plaintiffs' lead counsel, which has caused him to miss significant time at work. This illness was shared with the Court during the September 12, 2022 discovery hearing. Second, completing discovery and depositions for 30 named Plaintiffs that reside throughout Louisiana, an arduous task by itself, has been delayed due to Plaintiffs issues with responding to discovery. Third, Plaintiffs may need to be evaluated by Defendant's physicians pursuant to FRCP 35, but without complete discovery responses, that decision cannot be made. Fourth, there are multiple out of state medical providers that still need to be identified through Plaintiffs' discovery responses and then subpoenaed for records.

10.       The Parties completed an initial one day of mediation on December 14, 2022 and are continuing settlement discussions and request the continuance to allow discover and the settlement discussions to proceed.

11.       This Court has broad discretion to amend its scheduling order when good cause is shown. *See Johnson v. Bd. Of Regents of Univ. Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2011); FED. R. CIV. P. 16(b); *Sill Corp. v. U.S.*, 343 F.2d 411, 420 (10th Cir. 1965) ("Pretrial orders are, to be sure, blueprints . . . which ought not to be relaxed in the absence of good cause, but they are not

CASE NO.: 1:20-cv-25180-ALTONAGA

hoops of steel and may always be modified in the interest of the administration of justice."); *see also* S.D. FLA. L.R. 7.1(a)(1)(J). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Fisher v. SP One Ltd.*, 559 F. App'x 873, 878 (11th Cir. 2014).

12. The parties believe that a 180 day continuance of all pre-trial deadlines and trial of this matter is appropriate given the circumstances.

13. There is good cause to grant this joint motion based on the foregoing. This request is made in good faith and not for purposes of delay.

WHEREFORE, the Parties respectfully request the Court continue the trial and all pre-trial deadlines for 180 days, and all other relief the Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| Law Office of Victoria E. Brieant, P.A. *Attorneys for Plaintiffs* 4000 Ponce de Leon Boulevard, Suite 470 Coral Gables, FL 33146 Telephone: (305) 413-9026 Facsimile: (305) 328-9104 By: /s/Victoria E. Brieant Victoria E. Brieant, FL Bar No. 612963 Email: Victoria@brieantlaw.com<br><br>Demetrie E. Ford, Sr. The Ford Law Firm, LLC 810 Bienville Street, Suite 304 New Orleans, Louisiana 70112 Tel.: 504-982-4098 Mobile: 504-239-7727 Email: attyford@aol.com Admitted Pro Hac Vice<br><br>By: */s/ Victoria E. Brieant* | MASE MEBANE SEITZ, P.A. Attorneys for Defendant 2601 South Bayshore Drive, Suite 800 Miami, Florida 33133 Telephone:  (305) 377-3770 Facsimile: (305) 377-0080<br><br>By: */s/ Thomas A. Briggs*   Thomas A. Briggs   Florida Bar No. 0663034   tbriggs@maselaw.com   Jeffrey A. Caisse   Florida Bar No. 1011243   jcaisse@maselaw.com |