UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-25180- CMA

CECILE DALTON, ET. AL.,

    Plaintiffs,

v.

CARNIVAL CRUISE LINES AND
CARNIVAL CORPORATION,

    Defendant.

_____

### JOINT STATUS REPORT IN RESPONSE TO ORDER [ECF 45]

Plaintiffs and Defendants jointly file this status report to comply with the Court's Order [ECF 45] issued December 15, 2022.

1. This is a maritime personal injury action involving former cruise passengers that allege they suffered personal injuries aboard the *Carnival Glory* in December 2019. The bases of their allegations arise from an episode in which the *Carnival Glory* collided with the *Carnival Legend* at port in Cozumel, Mexico. There are over 30 named Plaintiffs.

2. Following a mediation session on December 8, 2022, the parties filed a Joint Motion to Continue all Pre-Trial Deadlines and Trial, on December 15, 2022 [ECF No. 44]. In the Motion, the parties request a 180-day continuance to complete discovery and allow settlement discussions to continue.

3. On December 15, 2022, the Court entered an order [ECF 45] that directed the Clerk of the Court to mark this case **CLOSED** for statistical purposes only, denied pending motions as moot, .and retained jurisdiction, providing that the case shall be restored to the active docket upon Court order following motion of a party. The Court further ordered that the parties are to submit a

stipulation for dismissal or a joint status report regarding the parties' discovery within ninety (90) days of the date of this Order.

4. The parties are submitting this joint status report.

5. Plaintiffs' positions are that:

a. The Court should reopen the case and extend discovery. The parties have continued their settlement discussions from the mediation in December 2022. Plaintiffs are still hopeful that the parties will be able to reach a resolution of the matter and intend to continue settlement negotiations. Plaintiffs request that the Court refer the current discovery disputes to the magistrate-judge.

b. In the Rule 26(f) conference in April 2022, counsel discussed scheduling depositions in New Orleans for the approximately 31 depositions defendant would take of the plaintiffs. Counsel discussed scheduling as many as three depositions each day and that they did not expect the depositions to last more than an hour. In recent communications, Defendants have demanded that all of the plaintiffs travel to Miami for their depositions. The plaintiffs did not select Miami as their forum to litigate, it is required as part of their cruise contract. It would be unduly burdensome and expensive to require these individuals to take the time and incur the expense of travel to Miami for depositions, when depositions could be taken by Zoom or handled in an efficient manner by Defendants' counsel in a trip to New Orleans. Plaintiffs request that this issue be referred to the Magistrate-Judge.

c. Plaintiffs served written discovery requests to defendants on December 12, 2022. Defendants has taken the position that the requests were served too late and they are not obligated to respond. Plaintiffs request that this issue be submitted for decision by the magistrate judge, with the balance of the case other than discovery disputes being stayed.

d. On February 7, 2023, Defendants filed a Motion for Sanctions Revocation of the pro hac vice status of Demetrie Ford, and for sanctions for fraud on the Court against Demetrie Ford, Victoria Brieant, and Plaintiff Cecile Dalton, including dismissal of Cecile Daltons claim with prejudice by Carnival Cruise Lines. [ECF 47] This Court referred the motion to the Ad Hoc Committee on Attorney Admissions, Peer Review, and Attorney Grievance. [ECF 48] Plaintiffs' counsel Victoria E. Brieant has been in communication with and provided materials to the Ad Hoc Committee to assist the committee in preparing its report and recommendation to the full committee, which Ms. Brieant understands will provide its report and recommendation to the Court. Plaintiffs' counsel Victoria E. Brieant has been interviewed by the Ad Hoc Committee. Plaintiffs' counsel vigorously denies the allegations of Defendants' motion and asks that the Court and counsel be permitted to review the Committee's Report and Recommendation to the Court before either party is requested to file any formal pleading in response to the referred motion. Plaintiffs' counsel has squarely addressed the allegations with the Ad Hoc Committee and respectfully submits that Ms. Brieant has demonstrated that the conduct as alleged by Defendants is baseless. In summary, Ms. Brieant has submitted evidence to the Ad Hoc Committee that plaintiffs' counsel Demetrie Ford was in good standing with the Louisiana Bar at the time plaintiffs' counsel Victoria E. Brieant filed her motion for his admission pro hac vice; Ms. Brieant had confirmed his active status and good standing by receiving a Certificate of Good Standing from the Louisiana Bar; Mr. Ford did not notarize a signature for a deceased plaintiff as stated by the Carnival lawyers; the now-deceased plaintiff Sandra Brown signed her engagement letter with Mr. Ford while she was in fact alive, and she met with him in person when she signed it. Plaintiffs' counsel agrees that the alleged conduct, if true, would have been egregious and would have warranted sanctions. By the same standard, plaintiffs' counsel may seek sanctions against

Defendants' counsel for filing a motion based on allegations that they knew were untrue and to have done so to gain an advantage in litigation.

6. Defendants' position is that:

    a.    The Court should reopen the case and extend discovery. The Parties have worked to reach an amicable settlement, but have not been successful thus far. Further discovery is necessary. Plaintiffs' discovery responses were evasive and confusing, even though they were ordered by the Court to provide responses after months of delay.

    b.    This case presents substantial issues regarding the causation of Plaintiffs' claimed injuries, along with whether they have any injuries at all. There are many inconsistencies within Plaintiffs' interrogatory answers and what is detailed in the medical records produced in discovery. Plaintiffs may need to be examined by Carnival's medical experts in Miami.

    c.    Depositions are necessary and the Parties are working to schedule those, although it is difficult given the disagreement on the setting (in-person in Miami, in-person in New Orleans, or via Zoom). Carnival believes that the depositions should be in-person in Miami due to the numerous technical issues present during the Zoom mediation when Plaintiffs attempted to connect via cell phone from work, home, and even onboard a cruise ship. Carnival believes that, if Plaintiff's require medical examinations, they should be examined by medical experts in Miami.

    d.    Several Plaintiffs did not appear at mediation and Carnival will be moving to dismiss their claims once the case reopens.

    e.    Plaintiffs' version of this status report reads more like a response to Carnival's Motion for Sanctions, rather than an update on the case. Simply put, Carnival attempted to

confer numerous times with Plaintiffs' counsel before filing its motion. Plaintiffs' counsel could not provide any reasonable explanation at the time and, frankly, still has not provided an explanation as to how they obtained a signed, executed power of attorney for someone who died months beforehand and how they have authority to litigate and negotiate on her behalf. To assert in a status report that Carnival's counsel engaged in sanctionable conduct is perplexing and there has been no conferral regarding that allegation. The Court should disregard Plaintiff's statements about the motion for sanctions.

**Local Rule 7.1(a)(3) Certification**

Counsel for Plaintiffs and Defendant certify that they conferred to file this joint status report, although they disagree with the statements made herein.

Defendants' counsel have authorized Plaintiffs' counsel to file this joint status report.

Date: March 15, 2023                                          Respectfully submitted,

Law Office of Victoria E. Brieant, P.A.            MASE SEITZ BRIGGS, P.A.
*Attorneys for Plaintiffs*                                  *Attorneys for Defendant*

4000 Ponce de Leon Boulevard, Suite 470    2601 S. Bayshore Drive, Suite 800
Coral Gables, FL 33146                                 Miami, Florida 33133
Telephone: (305) 413-9026                            Telephone: (305) 377-3770
Facsimile: (305) 328-9104                              Facsimile: (305) 377-0080

By: */s/Victoria E. Brieant*                            By:*/s/ Thomas A. Briggs*
Victoria E. Brieant, FL Bar No. 612963         THOMAS A. BRIGGS
Email: Victoria@brieantlaw.com                    Florida Bar No.: 0663034
                                                                        JEFFREY A. CAISSE
Demetrie E. Ford, Sr.  The                             Florida Bar No.: 1011243
Ford Law Firm, LLC                                       tbriggs@maselaw.com
810 Bienville Street, Suite 304 New
Orleans, Louisiana 70112 Tel.: 504-
982-4098
Mobile: 504-239-7727
Email: attyford@aol.com
Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court of the Southern District of Florida by using the CM/ECF system and that service will be accomplished by the CM/ECF system on all counsel of record.

By: Victoria E. Brieant